IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 19, 2025

## WENDIE DEANN DERRICK, ET AL. V. PEGGY LANE CASTLE, ET AL.

Appeal from the Chancery Court for Hawkins County
No. 37CH1-2025-CH-131, 25CH-131, 37CH1-2025-PR-94  Douglas T. Jenkins,
Chancellor

_____

**No. E2025-02027-COA-T10B-CV**

_____

The appellants filed an accelerated interlocutory appeal from the trial court's denial of a recusal motion pursuant to Tennessee Supreme Court Rule 10B. Due to numerous deficiencies in the motion, we affirm the trial court's denial of the motion.

**Tenn. S. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

Wendie DeAnn Derrick and Rebecca Leona Kern, Rogersville, Tennessee, pro se.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

According to the petition for accelerated interlocutory appeal filed in this case, the pro se appellants are involved in four related chancery court proceedings in Hawkins County.[1] The record provided to this Court on appeal is very limited. However, it contains a document entitled, "Objection/Challenge to Jurisdiction/Motion to Strike Hearing/Notice of Clerk & Master Conflict/Notice Of Lis Penden," which bears two separate document numbers. This document does not bear any indication that it was ever filed in chancery

_____

[1] The petitioners filed a "Petition for Interlocutory Appeal as of Right Under Tennessee Supreme Court Rule 10B" which stated that it was being filed "In the Supreme Court of Tennessee at Nashville." However, pursuant to Supreme Court Rule 10B, Section 2.02, this matter was properly assigned to the Tennessee Court of Appeals.

court, as it lacks any stamp by the court clerk or any indication of e-filing.[2]  Within this thirteen-page document, the appellants addressed various issues but included roughly two pages dedicated to a demand for recusal, which stated:

> III.    NOTICE OF JUDICIAL AND CLERK & MASTER CONFLICTS AND DEMAND FOR RECUSE
>
> Movants hereby provide formal notice that the presiding Chancellor and the Clerk & Master have demonstrated financial, administrative, and procedural conflicts that destroy the appearance of impartiality and violate mandatory recusal standards under Tennessee law, federal protections, and constitutional guarantees of due process.
>
> The record reflects:
> - A direct financial conflict involving the Chancellor's sale, conveyance, or financial involvement with land connected to the Hawkins County Jail and courts, where proceedings effecting Movants take place;
> - Administrative and docketing irregularities by the Clerk & Master, including mishandling, mis-indexing, or refusing to properly file Movants' lis pendens and objections;
> - Preferential treatment toward Respondents and disregard of Movants' filings;
> - The appearance of coordination between the Clerk & Master and Respondent attorney(s) to facilitate transfer of property before jurisdictional challenges are addressed.
> -
> - The recent elevation of attorney Jim R. Williams to serve as city judge of Mount Carmel in Hawkins County, despite his prior involvement in matters affecting Movants, creating overlapping roles and the appearance of partiality wherever his judicial or advisory actions intersect with cases, warrants, or enforcement actions involving Movants.
>
> Under Tennessee law and the Tennessee Supreme Court's judicial recusal standards, any judge or court officer with financial or administrative entanglements affecting a case must recuse immediately to preserve due process and public confidence in the judiciary.

---

[2] "When an appellant fails to provide this Court with file-stamped copies, 'we cannot conclusively determine that the copies provided by [the appellant] as part of the record for our review are copies of the actual documents filed by [him] in the trial court.'" *Halliburton v. Ballin*, No. W2022-01208-COA-T10B-CV, 2022 WL 4397190, at *1 n.2 (Tenn. Ct. App. Sept. 23, 2022) (quoting *Xingkui Guo v. Rogers*, No. M2020-01321-COA-T10B-CV, 2020 WL 6781244, at *2 n.2 (Tenn. Ct. App. Nov. 18, 2020)).

**Federal Recusal and Tax Reporting Conflicts (26 U.S.C.)**

It is further noticed that all county officers, judicial personnel, clerks, attorneys, deputies, and fiduciaries who possess personal, familial, or financial interests connected to estate property, fiduciary accounts, banking institutions (including Civis Bank and Thread Bancorp), or any transactions requiring federal tax reporting are required under the Internal Revenue Code to avoid conflicts and recuse themselves from participation.

Under 26 U.S.C. §§ 7214, 6103, 6903, and 7402, no officer or fiduciary may lawfully act in matters involving federal financial obligations, estate or trust reporting, tax related transactions or 1099-A/1099-C implications where a personal or financial conflict of interest exists. Any official with ties to Civis Bank, Thread Bancorp, estate fiduciary accounts, POD/ITF designations, escrow/IOLTA holdings, property transfers, or estate valuations is federally disqualified from acting in those matters and must recuse immediately.
Failure to recuse under these conflicts constitutes an unlawful conflict of interest, breach of fiduciary duty, deprivation of rights under color of law, and exposes the officer and the county to liability under 42 U.S.C. § 1983, [illegible] and criminal exposure under 18 U.S.C. § 242.

**Demand for Recusal**

Movants therefore demand:
1.      Immediate recusal of Chancellor Douglas T. Jenkins from this matter;
2.      Immediate recusal or removal of the Clerk & Master from any further handling of filings, docketing, or estate-related matters in the referenced cases;
3.      Appointment of a neutral judicial officer with no financial, familial, or banking ties to the property, estate, or institutions identified.
4.      Appointment of a neutral filing authority or Clerk Pro Tem to correct the docket, restore and properly index the lis pendens, and ensure impartial record keeping.

At the end of the thirteen-page document, the appellants included the words, "We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

That same day, the trial judge entered an order denying the motion for recusal. The trial judge noted that the motion was filed on the morning of a hearing on a motion to confirm a private sale of real property. The order states:

> The Court has considered the statements in Ms. Derrick's request to

recuse very carefully and concluded that no valid reason exists for recusal. There is no existing conflict. All parties to this matter have and will continue to be treated fairly in this and all matters pending before this Court.

It is hard for the Court to understand exactly how Ms. Derrick believes this Court has a conflict, but the Court has taken a reasonable and fair look at the request and same is overruled in its entirety and hereby DENIED.

The appellants timely filed an accelerated interlocutory appeal in this Court.

## II. DISCUSSION

Tennessee Supreme Court Rule 10B provides, in pertinent part:

**2.01.** If the trial court judge enters an order denying a motion for the judge's disqualification or recusal, . . . the trial court's ruling either can be appealed in an accelerated interlocutory appeal as of right, as provided in this section 2, or the ruling can be raised as an issue in an appeal as of right, see Tenn. R. App. P. 3, following the entry of the trial court's judgment. These two alternative methods of appeal--the accelerated interlocutory appeal or an appeal as of right following entry of the trial court's judgment--shall be the exclusive methods for seeking appellate review of any issue concerning the trial court's denial of a motion filed pursuant to this rule. In both types of appeals authorized in this section, the trial court's ruling on the motion for disqualification or recusal shall be reviewed by the appellate court under a de novo standard of review, and any order or opinion issued by the appellate court should state with particularity the basis for its ruling on the recusal issue.

Tenn. Sup. Ct. R. 10B, § 2.01. The only issue we may consider in a Rule 10B appeal is whether the trial judge should have granted the motion for recusal. *Elseroad v. Cook*, 553 S.W.3d 460, 462 (Tenn. Ct. App. 2018); *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 546 (Tenn. Ct. App. 2017). We do not review the merits or correctness of the trial court's other rulings. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).

Here, the trial court pointed out that it was "hard for the Court to understand exactly how Ms. Derrick believes this Court has a conflict." We reach the same conclusion. Rule 10B provides:

**1.01.** Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal. . . . The motion shall be supported by an

- 4 -

affidavit under oath or a declaration under penalty of perjury *on personal knowledge and by other appropriate materials*. The motion shall state, *with specificity, all factual and legal grounds supporting disqualification* of the judge *and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation*.

Tenn. Sup. Ct. R. 10B, § 1.01 (emphasis added). Thus, under Rule 10B, "a litigant is entitled to seek disqualification of a trial judge by filing a motion that (1) is supported by an affidavit under oath or a declaration under penalty of perjury by personal knowledge or by other appropriate materials; (2) states, with specificity, all factual and legal grounds supporting disqualification of the judge; and (3) affirmatively states that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Watson v. City of Jackson*, 448 S.W.3d 919, 927 (Tenn. Ct. App. 2014). The appellants failed to meet these three requirements.

Here, the motion did not state *with specificity* all factual and legal grounds supporting disqualification, and it was not supported by any other "appropriate materials." *See* Tenn. Sup. Ct. R. 10B, § 1.01. The specificity requirement "refers to the 'factual and legal grounds supporting disqualification.'" *State v. Freeman*, No. M2012-02691-CCA-10B-CD, 2013 WL 160664, at *3 (Tenn. Crim. App. Jan. 15, 2013). "Rule 10B requires parties to present specific facts that support their motion for recusal."[3] *Boren*, 557 S.W.3d at 547; *see, e.g.*, *Trigg v. Trigg*, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *3 (Tenn. Ct. App. Apr. 27, 2016) ("As the Trial Court Judge concluded in the order on review, there are no facts alleged or shown in the record that would lead a well-informed, disinterested observer to question the impartiality of the Judge in this case. . . . Moreover, we agree that the Trial Court Judge need not have even reached the merits of the motion

---

[3] Even though the portion of the appellants' motion regarding recusal only consisted of about two pages, they filed a 33-page petition for recusal appeal accompanied by at least ten exhibits. To the extent that the appellants raise additional issues on appeal that were not raised in their recusal motion, those issues are waived. Rule 10B specifically provides that "[t]he motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge[.]" Tenn. Sup. Ct. R. 10B, § 1.01. This Court "must limit our review on appeal to the matters [the appellant] raised in [the] motion for recusal before the trial court." *Halliburton*, 2022 WL 4397190, at *6 (quoting *Smith v. Daniel*, No. M2019-02083-COA-T10B-CV, 2019 WL 6825976, at *3 (Tenn. Ct. App. Dec. 13, 2019)); *see, e.g., In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *3 n.3 (Tenn. Ct. App. Aug. 31, 2016) (declining to review additional rulings made by the trial judge over the course of the proceedings that allegedly demonstrated bias when the appellant discussed the rulings on appeal but did not include them in his recusal motion); *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *6 n.3 (Tenn. Ct. App. Feb. 11, 2014) (declining to address additional allegations of bias raised in a petition to this Court but not in the motion for recusal presented to the trial judge because review under Rule 10B is limited to the trial court's denial of the recusal motion); *see also Adkins v. Adkins*, No. M2021-00384-COA-T10B-CV, 2021 WL 2882491, at *6 (Tenn. Ct. App. July 9, 2021) ("[T]he trial court first must be allowed under Rule 10B to decide whether to grant or deny a motion to recuse on all the grounds raised by the movant.") (internal quotation omitted).

because Former Husband failed to include in either his motion or affidavit in support of the motion the assertions of fact required by the rule."); *Messmaker v. Messmaker*, No. E2015-02071-COA-T10B-CV, 2015 WL 12967357, at *2 (Tenn. Ct. App. Dec. 1, 2015) (same).

The appellants' motion stated that they "declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." However, there was nothing to indicate that it was based on "personal knowledge."[4] *See* Tenn. Sup. Ct. R. 10B, § 1.01. And, finally, the motion failed to "affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.* This Court recently affirmed a trial court's decision to deny a recusal motion where it did not comply with Rule 10B "in at least two respects" -- it was not supported by "an affidavit under oath or a declaration under penalty of perjury *on personal knowledge*," and it did not "state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Uppal v. Uppal*, No. E2025-00710-COA-T10B-CV, 2025 WL 1517521, at *1 (Tenn. Ct. App. May 28, 2025). We explained that even if we were to "ignore Mr. Uppal's failure to swear that the facts appearing in his motion for recusal were of his personal knowledge," there was "another fundamental problem with his affidavit." *Id.* at *2. "By adding an affidavit to the end of his motion and swearing that 'the facts contained in the foregoing Motion for Recusal are true and correct to the best of my knowledge, and information, and belief,' Mr. Uppal leaves the Court to sort through the eight-page motion to separate fact from argument and opinion." *Id.* "Additionally, ignoring the issues with Mr. Uppal's affidavit would not resolve the problem of his failure to 'affirmatively state that [his motion for recusal] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation,'" *see* Tenn. Sup. Ct. R. 10B, § 1.01, as this "statement has been described as 'mandatory.'" *Id.*; *see also Robert R. Batson, Sr. Revocable Living Tr. by Batson v. Batson-Smith*, No. M2024-00739-COA-T10B-CV, 2024 WL 2933352, at *2 (Tenn. Ct. App. June

---

[4] In *Beaman v. Beaman*, No. M2018-01651-COA-T10B-CV, 2018 WL 5099778, at *13 (Tenn. Ct. App. Oct. 19, 2018), this Court stated that it "reject[ed] the notion that such an affidavit or declaration must contain the words 'on personal knowledge' for this Court to conclude that its contents are so based." In that case, "[a] fair interpretation of Wife's counsel's declaration . . . demonstrate[d] that it was based on personal knowledge even though it did not expressly state that it was[.]" *Id.*; *see also Ueber v. Ueber*, No. M2018-02053-COA-T10B-CV, 2019 WL 410703, at *3 (Tenn. Ct. App. Jan. 31, 2019) ("[A]s in *Beaman*, it is apparent from the substance of the disputed affidavits here that they are based on the personal knowledge of the affiants. Mr. Gentry's affidavit chronicles the events he personally witnessed in court on August 30, 2018. . . . Because it is apparent from the content of these affidavits that they were made on personal knowledge, the affidavits comport with the rule, and Ms. Ueber's motion is not procedurally deficient on its face."). The same is not true here. *See Lee v. Lee*, No. E2019-00538-COA-T10B-CV, 2019 WL 2323832, at *3 (Tenn. Ct. App. May 31, 2019) ("As evidence of impartiality, [] the affidavit is thin gruel. . . . Ms. Lee does not take the trouble to explain how she had personal knowledge of the facts asserted in the first paragraph of her affidavit. So we decline to treat the statement as competent evidence of anything.").

11, 2024) ("This court has previously determined a claim was waived when the petitioner failed to aver that the motion was not presented for an improper purpose. . . . We have also dismissed appeals when the absence of the affirmative statement was combined with other deficiencies.").

Due to the numerous deficiencies discussed above, we affirm the denial of the recusal motion.

### III.   CONCLUSION

For the aforementioned reasons, the decision of the chancery court is hereby affirmed and remanded.  Costs of this appeal are taxed to the appellants, Wendie DeAnn Derrick and Rebecca Leona Kern, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE